Oscar Armando HERRERA–LEON, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 00–70546.
I & NS No. A29–986–947.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 13, 2002.

Before BRUNETTI, LEAVY and T.G. NELSON, Circuit Judges.

MEMORANDUM**

Oscar Armando Herrera–Leon ("Herrera"), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals ("BIA") order sustaining the Immigration and Naturalization Service's appeal and denying his application for asylum and withholding of deportation under 8 U.S.C. § 1158(a) and § 1253(h). Because the transitional rules apply, we have jurisdiction pursuant to 8 U.S.C.

§ 1105(a). *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review the BIA's decision for substantial evidence. *Ochave v. INS*, 254 F.3d 859, 862 (9th Cir.2001). We will uphold the determination unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

The evidence does not compel a finding that Herrera has suffered past persecution. This court has stated that threats alone "constitute past persecution in only a small category of cases" where "the threats are so menacing as to cause significant actual 'suffering or harm.'" *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997)). Herrera's claim of persecution is based upon a fifteen to twenty minute visit by the guerrillas to his house during which his former friend demanded information, threatened harm to Herrera and his family, and pushed and hit Herrera on his way out. Herrera testified that he was not physically harmed. Thereafter, in two separate incidents, Herrera spotted his former friend with the guerrillas, but Herrera was not targeted or harmed. Although these incidents frightened Herrera, these incidents are not so menacing as to constitute past persecution.

Nor does the evidence compel a finding that Herrera has a well-founded fear of future persecution based upon his political opinion. The record does not indicate that Herrera had any specific political opinion, or that the guerrillas imputed a political motive to him. The guerrillas were demanding information about Herrera's brothers, who were members of the na-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tional police. Even if the guerillas' visit is viewed as a recruitment effort for Herrera to be an informant, this effort, without more, does not constitute persecution on account of political opinion. *Elias–Zacarias,* 502 U.S. at 482. Furthermore, Herrera has failed to establish the existence of a country-wide danger should he return to El Salvador. His entire family continues to live unharmed in that country. *See Estrada v. INS,* 775 F.2d 1018, 1021–22 (9th Cir.1985) ("The absence of harassment of an alien's family tends to reduce the probability of persecution."). Finally, the evidence does not indicate that the political conflicts in El Salvador remain unchanged. Herrera, by his own testimony, stated that the guerrillas have ceased much of their activity.

Because Herrera failed to establish his eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of deportation. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

The petition for review is DENIED.